■ In the Matter of MELVIN MOREY, Appellant, v CITY OF GLOVERSVILLE et al., Respondents. [609 NYS2d 971] —Peters, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered February 17, 1993 in Fulton County, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to reinstate petitioner to his former position as foreperson of respondent's Department of Public Works.

Petitioner, a civil service employee, became the target of an investigation alleging theft of various property from respondent's highway garage where he was employed as the foreperson. Petitioner was advised of such allegations by respondent's Mayor, John Reich, and was thereafter questioned by respondent's Police Department regarding the alleged theft. After such questioning, petitioner completed a voluntary statement detailing the circumstances underlying the alleged theft which was signed and witnessed. During the same time, a letter was written to Reich from petitioner wherein he offered his resignation. Such letter was similarly signed and witnessed. The resignation was accepted by Reich. Petitioner contends that almost immediately thereafter he contacted Reich and asked to withdraw his resignation, alleging that it was procured by duress. At such time, and at all subsequent times thereafter, Reich declined to allow petitioner to withdraw his resignation.

On January 29, 1992, petitioner instituted this CPLR article 78 proceeding seeking a judgment directing respondent to permit the withdrawal of his resignation and reinstatement to his position. In lieu of an answer, respondent submitted four answering affidavits which addressed the merits of this claim. By letter dated June 15, 1992 from Supreme Court, respondent was directed to either serve an answer or move to dismiss the petition. On September 14, 1992, respondent filed an order to show cause seeking a dismissal of the underlying petition for failure to state a cause of action. Supreme Court denied such motion, contending that the instant proceeding was in the nature of a mandamus to review and that such proceeding was appropriate to challenge the refusal by Reich to allow petitioner to withdraw his resignation. After having made that determination, the court reviewed the merits of the underlying proceeding. While noting that there were "somewhat conflicting accounts" of the circumstances leading to petitioner's resignation, the court opined that the resignation

was not the product of coercion or duress and thereafter dismissed the petition on its merits.

The sole issue presented on appeal is whether Supreme Court erred in dismissing the petition on its merits, prior to joinder of issue, without prior notice to the parties.

Noting that on a motion to dismiss for failure to state a cause of action the court may consider such motion as one for summary judgment, we have consistently held that prior notice must be afforded to the parties of the court's intention to so treat the motion *(see,* CPLR 3211 [c]; *Matter of FYM Clinical Lab. v Perales,* 147 AD2d 840, 841, *affd* 74 NY2d 539; *Matter of Board of Educ. v State Educ. Dept.,* 116 AD2d 939, 941). This has been held to be particularly true with respect to a CPLR article 78 proceeding in light of the clear mandate of CPLR 7804 (f), which details that when an objection in point of law is raised in a motion to dismiss, upon the denial thereof "the court shall permit the respondent to answer, upon such terms as may be just" (CPLR 7804 [f]; *see, Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.,* 63 NY2d 100, 103).

The record herein is devoid of any notice given by Supreme Court to the effect that it intended to treat respondent's motion to dismiss as one for summary judgment. In ruling on the motion to dismiss on objection in point of law, the court was limited to an examination of the sufficiency of the petition, "taking the allegations therein as true and ignoring opposing affidavits" *(Matter of FYM Clinical Lab. v Perales, supra,* at 841).

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition on the merits, and, as so modified, affirmed.