■ James T. Metz, Jr., et al., Appellants-Respondents, v Coopers & Lybrand et al., Appellants, and Joel L. Lindy, Respondent. [619 NYS2d 393] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered January 31, 1994 in Albany County, which, *inter alia,* granted defendant Joel L. Lindy's motion for summary judgment dismissing the complaint against him.

Plaintiffs acquired the stock of Betuna Corporation, a closely held corporation with two subsidiaries, pursuant to a contract which provided for adjustments to the purchase price based upon net increases in the corporations' liabilities. Shortly after the closing, plaintiffs obtained a preliminary accounting report which found in excess of $250,000 in net adjustments. Plaintiffs reduced the amount of the payments

on their obligation to the sellers, resulting in a dispute between plaintiffs and the sellers concerning the adjustments. Approximately six months after the closing, plaintiffs retained defendant Coopers & Lybrand (hereinafter Coopers) to perform accounting work concerning the financial condition of the corporations. The following month the sellers commenced an action in Federal court against plaintiffs based upon plaintiffs' breach of the purchase agreement. Plaintiffs retained the law firm of Herzog, Engstrom & Koplovitz, P. C. (hereinafter the Herzog firm) to defend them in the Federal action. Defendant Joel L. Lindy was the member of the Herzog firm assigned to represent plaintiffs.

Coopers undertook the audit work, but according to defendant Martin E. Stauffer, who was the Coopers partner responsible for the audit, the work could not be completed because the necessary records were not made available to Coopers and the records that were provided were unreliable. It appears that as part of its work Coopers issued one or more estimates concerning the adjustments. On April 30, 1990, at the beginning of the trial of the Federal action, Stauffer met with the sellers' accountant who provided Stauffer with the necessary information to make a final determination of the adjustments. Based upon the results of that meeting, the parties to the Federal action negotiated a settlement which required plaintiffs to pay the sellers in excess of $1.4 million. The settlement was placed on the record and agreed to by all parties. Thereafter, Lindy left the Herzog firm and had no further role in representing plaintiffs. The terms of the settlement apparently were not complied with and the Federal action proceeded to trial, resulting in a judgment in favor of the sellers for more than $2.5 million.

After judgment was entered against them in the Federal action, plaintiffs commenced this action against Coopers and Stauffer to recover for accounting malpractice and/or negligence, and against Lindy to recover for legal malpractice. Supreme Court granted Lindy's motion to dismiss the complaint against him pursuant to CPLR 3211 and 3212, and partially granted the similar motion of Coopers and Stauffer to the extent that plaintiffs were limited to recovering damages which arose on or before April 30, 1990. Plaintiffs, Coopers and Stauffer appeal from Supreme Court's order.

To the extent that Supreme Court granted Lindy's motion pursuant to CPLR 3212, we agree with plaintiffs that the court erred because Lindy's answer had not been served. A motion for summary judgment is inappropriate before joinder

of issue *(see,* CPLR 3212 [a]), and Supreme Court did not give the notice necessary before a motion to dismiss can be treated as one for summary judgment under CPLR 3211 (c) *(see, Mihlovan v Grozavu,* 72 NY2d 506, 508). Nevertheless, we conclude that Supreme Court properly dismissed the complaint as to Lindy.

Considering the limited purpose for which affidavits may be used in a CPLR 3211 motion to dismiss *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636), and giving the plaintiff the benefit of every possible favorable inference *(see, supra,* at 634), a complaint which states a cause of action should not be dismissed on a pleading motion unless the essential facts have been negated beyond substantial question so it can be ruled that the plaintiff does not have a cause of action *(see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275). The record in this action establishes that plaintiffs' complaint fails to state a cause of action against Lindy and that plaintiffs do not have such a cause of action because the essential element of damages is missing. The duty owed by Lindy to plaintiffs arose out of his representation of plaintiffs in the Federal action. The complaint, however, contains no allegation that plaintiffs would have prevailed in the Federal action but for Lindy's malpractice *(see, Stroock & Stroock & Lavan v Beltramini,* 157 AD2d 590). Nor are there any factual allegations in the complaint or plaintiffs' affidavits to demonstrate that Lindy's proper performance of his duty as plaintiffs' attorney would have achieved a different result in Federal court on the merits of the sellers' action against plaintiffs *(see, Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730, 731; *Holmberg, Galbraith, Holmberg Orkin & Bennett v Koury,* 176 AD2d 1045, 1047).

Plaintiffs apparently concede that they could not have prevailed on the merits in the Federal action. Instead, they claim that if Lindy had given them proper advice and properly supervised Coopers, plaintiffs would have settled the Federal action prior to trial, thereby achieving a savings in the amount of damages, counsel fees and other related expenses. We agree with Supreme Court that such a claim is pure speculation, unsupported by any factual allegations in the complaint or elsewhere in the record. The only factual allegations in the record on the settlement issue establish that a settlement would not have achieved a different result. The Federal action proceeded to trial and judgment on the merits despite the settlement agreed to by the parties to the Federal action. In the absence of any allegations of fact to demon-

strate that plaintiffs would have achieved a better result in the Federal action without Lindy's alleged malpractice, the complaint was properly dismissed as to Lindy pursuant to CPLR 3211.

As to plaintiffs' claims against Coopers and Stauffer, issue had been joined when Coopers and Stauffer moved for summary judgment. The affidavits of Stauffer in support of the motion establish that Coopers' involvement in the dispute between plaintiffs and the sellers occurred after a preliminary report on adjustments had been made by another accountant and after plaintiffs had reduced their payments to the sellers. According to Stauffer, the relevant corporate financial records were in chaos. Information necessary to prepare audited statements was not made available to Coopers, and much of the information that was provided to Coopers was unreliable due to incompleteness or inaccuracies. Coopers did prepare a draft statement but was unable to complete the work because they were not given access to the necessary information. It was not until April 30, 1990, when Stauffer met with the sellers' accountant, that Coopers had sufficient information to make an accurate determination of the adjustments. Stauffer also alleges that, in his professional opinion, none of the services provided by him personally or others at Coopers failed to comply with professional public accounting standards.

The affidavit of plaintiff James T. Metz, Jr. in opposition to the motion does not dispute Stauffer's allegations of lack of access to adequate information to complete an audit, but instead alleges that any deficiency in that regard is attributable to Lindy, not plaintiffs. The Metz affidavit asserts that Coopers should not have made any estimates regarding the adjustments without first obtaining all of the necessary information, but noticeably absent is any allegation that the conduct of Coopers or Stauffer failed to comply with professional public accounting standards or otherwise breached a duty of care owed to plaintiffs. Also lacking is any factual allegation that plaintiffs sustained damages as a result of the conduct of Coopers and Stauffer. A dispute over the adjustments had already arisen between plaintiffs and the sellers when Coopers and Stauffer were engaged to perform their work, and plaintiffs had already reduced their payments to the sellers. The affidavit of plaintiffs' attorney claims that plaintiffs would have promptly settled their dispute with the sellers if Coopers' estimates of the adjustments had been accurate, but such a claim is pure speculation. There is no evidentiary proof in admissible form to demonstrate that a settlement was feasible

or that the parties would have complied with the settlement. As noted above, it is significant that when an accurate determination of the adjustments was achieved, a settlement was negotiated, but its terms were never complied with and the dispute continued to trial and judgment on the merits in Federal court. We are of the view that Coopers and Stauffer met their burden as the proponents of the motion for summary judgment and that plaintiffs failed to meet their corresponding burden (see, Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the motion of Coopers and Stauffer should have been granted in its entirety.

Cardona, P. J., White and Peters, JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to defendants, by reversing so much thereof as partially denied the motion of defendants Coopers & Lybrand and Martin E. Stauffer; said motion granted and all remaining claims against said defendants are dismissed; and, as so modified, affirmed.