■ In the Matter of ROBERT L. PHILLIPS et al., Respondents, v TOWN OF CLIFTON PARK WATER AUTHORITY et al., Appellants. [626 NYS2d 865] —Peters, J. Appeal from a judgment of the Supreme Court (Mycek, J.), entered August 12, 1994 in Saratoga County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul the source and storage fees charged by respondent Town of Clifton Park Water Authority.

In February 1992, respondent Town of Clifton Park Water Authority adopted a water service fee schedule for all property proposed for subdivision or change in use under the Town Code of the Town of Clifton Park, Saratoga County. Such schedule was developed in conjunction with the Water Authority's engineers, C.T. Male Associates, and was purportedly established to "permit the repayment of water authority bonds or obligations; to acquire pre-existing private water companies and facilities; to provide for capital maintenance and improvements; to provide for the operation and maintenance of the Water Authority's Systems and property". It is conceded that at the time of the adoption of the schedule, the existing water sources and distribution systems were sufficient to serve the present customer base in the Town, yet development necessitated the additional source and storage charges. By affidavit, it was alleged that the water service fee schedule in general and the source and storage fee system in particular

has been applied to all new construction in the Town located within the Water Authority's service area.

Based upon such schedule, the Water Authority attempted to collect an impact fee of $22,000 from petitioner for source and storage fees based upon their construction of a building in the municipal water source system. Petitioners requested that the Water Authority review the basis for their fee schedule as well as the amount assessed against them. While the review was taking place, petitioners were permitted to go forward with their construction and water services were provided.

By letter dated June 25, 1993, petitioners were advised by the Water Authority that based upon their engineer's review, the source and storage fee schedule was properly devised and the amount imposed remained due. When petitioners refused to pay the fees, the Water Authority notified them by letter dated September 22, 1993 that water service would only continue if they placed $22,000 in escrow, pending judicial resolution of the dispute or the expiration of 120 days. Petitioners thereafter posted a bond and after 120 days had expired without judicial resolution, they were informed by letter dated February 3, 1994 that unless the fees were paid, water services would be terminated as of February 14, 1994.

Petitioners commenced this proceeding on February 7, 1994 seeking, *inter alia,* to annul the Water Authority's assessment of fees. By letter dated February 9, 1994, the Water Authority advised petitioners that unless the subject fees were paid by February 13, 1994, water service would be terminated. Petitioners thereafter sought and obtained a temporary restraining order enjoining the Water Authority from terminating water service and from seizing petitioners' bond. Respondents moved by order to show cause to dismiss the petition pursuant to CPLR 3211 (a) (5) or (7) and CPLR 7804 (f), to deny the preliminary injunction and vacate the temporary restraining order.

Supreme Court converted the proceeding to an action for a declaratory judgment and proceeded to review the merits thereof. Relying on *Watergate II Apts. v Buffalo Sewer Auth.* (46 NY2d 52), Supreme Court determined that while the general fee system developed through the study and expert opinion of C.T. Male Associates provided a rational underpinning for the fee schedule, it found that petitioners were being burdened by discriminatory fees "not charged to others but used for the benefit of others receiving the same water service" and that such fees were not connected to the cost of expansion. Accordingly, Supreme Court granted the petition

to the extent that the source and storage fees in issue were annulled and deemed unenforceable. It therefore denied respondents' motion in its entirety.

Although not addressed by petitioners on appeal, the Water Authority contends that Supreme Court improperly considered its motion to dismiss as one for summary judgment prior to joinder of issue without proper notice to the parties *(see,* CPLR 3211 [c]). As we stated in *Matter of Morey v City of Gloversville* (203 AD2d 625), it is well settled that on a motion to dismiss for failure to state a cause of action, the court may consider such motion as one for summary judgment so long as prior notice has been afforded to the parties of the court's intention to do so *(supra,* at 626; *see,* CPLR 3211 [c]; *Mihlovan v Grozavu,* 72 NY2d 506; *Metz v Coopers & Lybrand,* 210 AD2d 624). We had further indicated that in a CPLR article 78 proceeding, prior notice must be afforded due to the clear mandate of CPLR 7804 (f) which details that when an objection in point of law is raised pursuant thereto, the denial thereof mandates that "the court shall permit the respondent to answer".

The record here reflects that Supreme Court failed to provide any notice to the parties that it intended to treat respondents' motion as one for summary judgment. While such failure has not been held to be fatal in appropriate circumstances, we cannot find that the parties herein were "deliberately charting a summary judgment course" *(Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320) by laying bare their proof *(supra; see, O'Dette v Guzzardi,* 204 AD2d 291; *Singer v Boychuk,* 194 AD2d 1049, *lv denied* 82 NY2d 657). Significant is Supreme Court's determination that it could have found a rational underpinning for the fee schedule but for the disproportionate charge to petitioners and the failure to connect the fees to the cost of expansion. Hence, in failing to give respondents the opportunity to answer and specifically address these issues, we find that the court's conversion of the motion into one for summary judgment "deprived [respondents] of the 'opportunity to make an appropriate record' and thus thwarted the very purpose of CPLR 3211 (c)" *(Mihlovan v Grozavu,* 72 NY2d 506, 508, *supra,* quoting *Rovello v Orofino Realty Co.,* 40 NY2d 633, 635).

As to all other procedural issues, we find them to either be without merit or not properly preserved for our review. Accordingly, the judgment of Supreme Court is modified by reversing that portion which annulled the source and storage

fees, and by remitting this proceeding for a hearing on the preliminary injunction.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted the petition; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.