■ In the Matter of ROBERT L. PHILLIPS et al., Respondents, v TOWN OF CLIFTON PARK WATER AUTHORITY et al., Appellants. [662 NYS2d 867] —Peters, J. Appeal from an amended judgment of the Supreme Court (Ferradino, J.), entered June 21, 1996 in Saratoga County, which, *inter alia*, partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul the source and storage fees charged by respondent Town of Clifton Park Water Authority.

All facts relevant to this proceeding were fully set forth by us in our prior decision (215 AD2d 924). Therein, petitioners had sought and obtained a temporary restraining order enjoining respondent Town of Clifton Park Water Authority from terminating its service and seizing their bond. Respondents moved to dismiss the petition pursuant to CPLR 3211 and 7804 (f), to deny the preliminary injunction and to vacate the temporary restraining order. Supreme Court, *sua sponte*, converted the proceeding into an action for a declaratory judgment and proceeded to review the merits of all contentions, ultimately annulling the source and storage fees in issue (*see, id.*, at 925-926). Upon our review, we found that the court's failure to notify the parties that it intended to treat the motion to dismiss as one for summary judgment warranted a reversal of its annulment of the source and storage fees (*see, id.*, at 926-927). Hence, we remitted the proceeding to Supreme Court "for a hearing on the preliminary injunction" (*id.*, at 927).

Upon our remittal and prior to witnesses being called, counsel for both sides acknowledged and clarified that the purpose of the hearing was to address the application for the

preliminary injunction. At the conclusion of all testimony, Supreme Court enjoined the imposition of source and storage fees "against the petitioners" on constitutional grounds. However, in the judgment (denominated an order), the court granted the petition to the extent of enjoining the Water Authority from imposing these fees and then annulled the source and storage fees in their entirety.

By order to show cause, respondents moved to resettle the order on the ground, *inter alia*, that it did not comport with its findings of fact and conclusions of law. The findings of facts specifically prohibited respondents from imposing source and storage fees against petitioners whereas the order rendered prohibited the blanket imposition of source and storage fees. By letter decision, the court informed the parties that it was, *sua sponte*, amending the findings of fact and conclusions of law to enjoin the imposition of source and storage fees against all similarly affected users rather than just against petitioners. That amended judgment (denominated an order)* is the subject of this appeal.

Although we clearly remitted this matter to Supreme Court to determine whether there existed grounds for the issuance of a preliminary injunction (*see*, CPLR 6301), that court, once again, went beyond the scope of the application and made a determination on the merits. Since such a determination can only be made "after trial or on a motion for judgment on the pleadings or for summary judgment" (*Schacht v City of New York*, 14 AD2d 526), again we find it to be in error. Even recognizing the significant testimony presented addressing the structure and application of the source and storage fees at issue and the evidence of a possible constitutional infirmity, the sole consideration should have been the propriety of the issuance of a preliminary injunction (*see generally*, *Medical Malpractice Ins. Assn. v Cuomo*, 138 AD2d 177, *revd on other grounds* 74 NY2d 651), limited to the parties before it (*see*, *Austrian Lance & Stewart v Rockefeller Ctr.*, 163 AD2d 125). Hence, we must again remit this matter to Supreme Court.

Crew III, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the amended judgment is modified, on the law, without costs, by reversing so much thereof as annulled the source and storage fees structure in its entirety and which enjoined the imposition of the source and storage fees on those other than petitioners; matter remitted to the Supreme Court for a full trial on the merits; and, as so modified, affirmed.

---

* The amended findings of fact and conclusions of law were thereafter entered to reflect Supreme Court's letter decision.