FOURTH DEPARTMENT, JULY, 2001

(July 3, 2001)

◼ In the Matter of SANDRA WHITE, Appellant, v COUNTY OF JEFFERSON et al., Respondents. [727 NYS2d 677] —Judgment

unanimously reversed on the law without costs, motion denied, petition reinstated and respondents granted 20 days from service of the order of this Court with notice of entry to serve and file an answer. Memorandum: Petitioner was hired by respondent County of Jefferson on March 27, 1989, and worked at the Jefferson County Home for the Aged (Home) as a senior licensed practical nurse. On January 26, 1999, respondent David Storandt, Administrator of the Home, preferred disciplinary charges against petitioner in accordance with Civil Service Law § 75 for insubordination, misconduct, incompetence, and excessive absenteeism. In the petition, petitioner alleges that the parties reached a potential resolution of the disciplinary charges. Petitioner alleges that she was suffering from severe physical ailments, and that based upon her disability she was unable to continue working. According to petitioner, the parties agreed that the hearing on the pending disciplinary charges would be held in abeyance upon condition that she apply for a disability retirement and, in the event that she was not granted such a retirement, the charges could be reinstated. Petitioner subsequently forwarded to respondents a letter from her physician stating that petitioner was fully and permanently disabled, and she applied to the New York State Employees' Retirement System (Retirement System) for a disability retirement. Respondents then notified petitioner that, based upon her physician's diagnosis of permanent disability, she was being terminated from her employment. Thereafter, the Retirement System notified petitioner that her application for disability retirement was denied because she did not have the requisite years of total service credit. Petitioner then commenced this CPLR article 78 proceeding contending that respondents violated her rights under Civil Service Law § 75 and her due process rights by terminating her employment without affording her a hearing. Supreme Court granted respondents' preanswer motion to dismiss the petition for failure to state a cause of action.

We reverse. Petitioner adequately stated a cause of action based upon respondents' failure to conduct a hearing on the pending disciplinary charges prior to terminating her employment. The record on this appeal is insufficient to permit resolution of the issues raised in the petition, and therefore the motion is denied, the petition is reinstated and respondents are granted 20 days from service of the order of this Court to file and serve an answer (*see*, CPLR 7804 [f]). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.