■ In the Matter of JOHN L. KAREDES, Respondent-Appellant, v MICHAEL E. COLELLA, as Mayor of the Village of Endicott, et al., Appellants-Respondents. [761 NYS2d 534] —Mugglin, J. Cross appeals from a judgment of the Supreme Court (Monserrate, J.), entered February 15, 2001 in Broome County, which, inter alia, converted petitioner's application, in a proceeding pursuant to CPLR article 78, into an action for declaratory judgment and declared that an agreement entered into between the parties was valid and enforceable.

The sole issue remaining for resolution after our previous decision (292 AD2d 138 [2002]) and reversal and remittal by the Court of Appeals (100 NY2d 45 [2003]) is respondents' argument that Supreme Court improperly treated its CPLR 3211 motion to dismiss as one for summary judgment without giving them the notice required by CPLR 3211 (c), thus depriving them of their right to answer petitioner's pleadings. Petitioner argues, and Supreme Court stated in its opinion, that the parties "each (in one way or another) ha[d] asked for a determination as to the legality and enforceability of the contract." The record does not support this conclusion. Respondents' arguments to Supreme Court were that the statute of limitations barred petitioner's claims and that the contract was void because of the term limit rule. Both of these issues are now resolved against respondents. Respondents, on appeal to this Court, further asserted, however, that had they been given an opportunity to answer, other defenses involving allegations of "wrongdoing and financial improprieties" by petitioner, as well as "favoritism, favors and gifts," which induced the Village Board of Trustees to approve the contract, would be pleaded and could conceivably compel the Court to declare the contract void.

We have previously held that " 'leave to serve an answer should be refused only if it clearly appear[s] that no issue exist[s] which might be raised by answer concerning the merits of the petitioner's application' " (*Matter of DeVito v Nyquist*, 56 AD2d 159, 161 [1977], *affd* 43 NY2d 681 [1977], quoting *Matter of Kane v New York State Dept. of Correction*, 21 AD2d 919, 920 [1964], *appeal dismissed* 15 NY2d 551 [1964]). A motion to dismiss for failure to state a cause of action may be considered as one for summary judgment only if prior notice has been afforded to the parties of the court's intention to so treat it (*see Matter of Phillips v Town of Clifton Park Water Auth.*, 215

AD2d 924 [1995]). Likewise, in CPLR article 78 proceedings, CPLR 7804 (f) requires that when an objection in point of law is raised and denied, "the court shall permit the respondent to answer" (*see id.* at 926).

Since respondents raise factual issues, Supreme Court should not have decided in petitioner's favor without allowing respondents the opportunity to submit an answer (*see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 103 [1984]; *Matter of Phillips v Town of Clifton Park Water Auth., supra* at 926; *Matter of 230 Tenants Corp. v Board of Stds. & Appeals of City of N.Y.*, 101 AD2d 53 [1984]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. [*See* 187 Misc 2d 656.]