■ In the Matter of JOSEPH J. JULICHER, Respondent, v TOWN OF TONAWANDA et al., Appellants. [824 NYS2d 522]—Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 25, 2006 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the last three decretal paragraphs and as modified the judgment is affirmed without costs, and respondents are granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination terminating his employment as a police officer for disciplinary reasons. Respondents appeal from a judgment that denied their motion to dismiss the petition and, without permitting respondents to serve and file an answer to the petition, granted the petition, thereby reinstating petitioner to his position on paid suspension status pending resolution of the grievance/arbitration procedure invoked by petitioner pursuant to a collective bargaining agreement.

In the event that a motion to dismiss is denied, "the court shall permit the respondent to answer, upon such terms as may be just" (CPLR 7804 [f]), and "leave to serve [and file] an answer should be refused only if it clearly appear[s] that no issue exist[s] which might be raised by answer concerning the merits of the petitioner's application" (*Matter of Karedes v Colella*, 306 AD2d 769, 769 [2003] [internal quotation marks omitted]; *see Matter of Burgess v Selsky*, 270 AD2d 736, 737 [2000]; *Matter of Phillips v Town of Clifton Park Water Auth.*, 215 AD2d 924, 926 [1995]). In our view, this is not a proper case

in which to deny respondents the opportunity to serve and file an answer following their unsuccessful motion to dismiss, and Supreme Court thus erred in proceeding to determine the merits of the petition without affording them the opportunity to do so (*see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 103 [1984]; *Develop Don't Destroy Brooklyn v Empire State Dev. Corp.*, 31 AD3d 144, 153 [2006]; *Matter of White v County of Jefferson*, 285 AD2d 964, 965 [2001]). We therefore decline to address the merits of the petition. We thus modify the judgment by vacating the last three decretal paragraphs, and we grant respondents 20 days from service of the order of this Court with notice of entry to serve and file an answer (*see White*, 285 AD2d at 965). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.