*609 In a hybrid action, inter alia, to recover damages for breach of contract, and proceeding pursuant to CPLR article 75 to compel arbitration, the defendants/respondents appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered November 18, 2008, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint/petition based on documentary evidence, and (2) so much of an order of the same court entered January 5, 2009, as, upon reargument, in effect, vacated so much of the order entered November 18, 2008, as granted that branch of their motion which was to stay arbitration, and directed the parties to proceed to arbitration.
Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.
The defendants/respondents (hereinafter the defendants) contend that the Supreme Court should have dismissed the complaint/petition because the plaintiff/petitioner (hereinafter the plaintiff) was not licensed in the Village of East Hampton to perform home improvements at the time the plaintiff entered into a construction contract with the defendants. Under then-section 11-1 of the Code of the Village of East Hampton, the definition of “home improvement” excluded “[t]he construction of a new home.” The contract between the parties called for the construction of a new home. The plaintiffs principal, Angelo Cinelli, asserted that the proposed plans called for the removal of all structures on the subject property, and that prior to the commencement of the construction of the new home, “every structure, every foundation, the pool, the pool house and every piece of building wood, pipe, nail, wire and piece of concrete that existed . . . was removed from the property.”
Based on the foregoing, the defendants failed to establish conclusively that the plaintiff was engaged in home improvement as that term was then defined in the Code of the Village of East Hampton (see Marciano Constr. Corp. v Stout, 12 Misc 3d 1152[A], 2006 NY Slip Op 50874[U] [2006]; see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; cf. J.M. Bldrs. & Assoc., Inc. v Lindner, 67 AD3d 738, 740-741 [2009]; Blake Elec. Contr. Co.v Paschall, 222 AD2d 264, 265-266 [1995]). Therefore, the Supreme Court correctly denied that branch of the defendants’ motion which was pursuant to CPLR *610 3211 (a) (1) to dismiss the complaint/petition based on documentary evidence.
The Supreme Court also correctly directed the parties to proceed to arbitration. In a proceeding to compel arbitration, a threshold issue for the court is whether the parties made a valid agreement to arbitrate (see Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 6-7 [1980]; Shah v Monpat Constr., Inc., 65 AD3d 541, 543-544 [2009]). Since the defendants failed to dispute the plaintiff’s assertion that every structure was removed from the subject property prior to the commencement of construction of the new home, no substantial question was raised as to whether the plaintiff was engaged in home improvement and, concomitantly, whether the contract containing the arbitration clause was unenforceable because the plaintiff was unlicensed to perform home improvements in the Village of East Hampton at the time it executed the contract (see CPLR 7503 [a]; Nasso v Loeb & Loeb, LLP, 19 AD3d 465 [2005]; Matter of Chapnick v Cohen, 203 AD2d 362 [1994]; see generally JMT Bros. Realty, LLC v First Realty Bldrs., Inc., 51 AD3d 453, 454 [2008]).
The defendants’ remaining contention, that they were improperly deprived of the opportunity to submit an answer, is without merit (see CPLR 404 [b]; Matter of Dodge, 25 NY2d 273, 286-287 [1969]; Matter of Julicher v Town of Tonawanda, 34 AD3d 1217 [2006]). Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.