■ LONG ISLAND LIQUID WASTE ASSOCIATION, INC., et al., Appellants, v A. BARTON CASS, as Administrative Head of Suffolk County Sewer District and as Commissioner of Public Works of the County of Suffolk, et al., Respondents. — In an action, *inter alia,* to declare the actions of the Commissioner of Public Works of the County of Suffolk and of the County of Suffolk, in adopting a schedule of charges for disposal of scavenger wastes for sewer districts numbered 3 and 6 and in collecting the charges provided by such schedules, to be illegal and void, plaintiffs appeal from an order of the Supreme Court, Suffolk County (De Luca, J.), dated June 30, 1983, which denied their motion for partial summary judgment on their first cause of action.

Order reversed, on the law, with costs, motion granted, and the afore-mentioned actions by defendants and schedules of charges are declared to be illegal and void.

Plaintiffs claim that the schedule of charges for disposal of scavenger wastes adopted by defendants is void because it was never confirmed or approved* by the Suffolk County Legislature. They rely upon subdivision 1 of section 266 of the County Law of New York State, which states in pertinent part: "Subject to confirmation by the board of supervisors, the administrative head or body: (a) may establish * * * a scale of charges for the collection, conveyance, treatment and disposal of sewage, wastewater or refuse". (The role of the "board of supervisors" in Suffolk County is filled by the Suffolk County Legislature [County Law, § 150-a, subd 2; § 278].)

There can be no question that the language "[s]ubject to confirmation" is mandatory and that sewage disposal rates set by the Commissioner do not become effective until the county legislature has ratified ("confirmed") them. Local Law No. 1 of 1972 (art III, § 4, subd 2) of Suffolk County states that the

---

* A resolution to approve these rates was, in fact, submitted to the Suffolk County Legislature following adoption of the original schedules, but was withdrawn before any action was taken.

Commissioner "is hereby authorized to *establish* fees for scavenger waste permits" (emphasis added). This merely bestows upon the Commissioner the power to adopt rates, which was envisaged by the aforesaid provision of the County Law. It does not purport to confer upon the Commissioner the power granted to the county legislature to confirm these rates once they are "established". In any event, such a delegation of power to an administrative head, specifically vested by State law in the county legislative branch, would be invalid (Municipal Home Rule Law, § 10, subd 1; *Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 107; *Matter of Bovino v Scott,* 22 NY2d 214). The rate schedules, therefore, never met the State law prerequisites for confirmation. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.