■ LONG ISLAND LIQUID WASTE ASSOCIATION, INC., et al., Appellants, v A. BARTON CASS, as Administrative Head of Suffolk County Sewer District and as Commissioner of Public Works of the County of Suffolk, et al., Respondents.—Motion by respondents for reargument of the appeal from an order of the Supreme Court, Suffolk County (DeLuca, J.), dated June 30, 1983, which was decided by an order of this court dated January 14, 1985 *(Long Is. Liquid Waste Assn. v Cass,* 107 AD2d 666).

Motion granted and, upon reargument, this court's decision and order in the above-entitled case, both dated January 14, 1985, are recalled and vacated and the following decision is substituted therefor. The instant recall and vacatur is war-

ranted since, on reargument, the respondents draw this court's attention for the first time to County Law § 2 (b), which section mandates affirmance of Special Term's order.

"In an action, *inter alia,* to declare the actions of the Commissioner of Public Works of the County of Suffolk, and of the County of Suffolk, in adopting a schedule of charges for disposal of scavenger wastes for sewer districts numbered 3 and 6 and in collecting the charges provided by such schedules, to be illegal and void, plaintiffs appeal from an order of the Supreme Court, Suffolk County (DeLuca, J.), dated June 30, 1983, which denied their motion for partial summary judgment on their first cause of action.

"Order affirmed, without costs or disbursements.

"Plaintiffs claim that the schedule of charges for disposal of scavenger wastes adopted by defendants is void because it was never confirmed or approved* by the Suffolk County Legislature. In support of their position, plaintiffs rely upon County Law § 266 (1), which provides, in pertinent part: 'Subject to confirmation by the board of supervisors, the administrative head or body: (a) may establish * * * a scale of charges for the collection, conveyance, treatment and disposal of sewage, wastewater or refuse'. (The role of the 'board of supervisors' in Suffolk County is filled by the Suffolk County Legislature [County Law § 150-a (2); § 278]).

"While the aforesaid statutory authority lends credence to plaintiff's argument, County Law § 2 (b) warrants a different result. That section provides, *inter alia,* that the provisions of the County Law, 'in so far as they are in conflict with * * * a provision of any alternative form of county government * * * or * * * with any local law heretofore or hereafter adopted by a county under an optional or alternative form of county government, shall not be applicable to the county, unless a contrary result is expressly stated in this chapter'.

"This provision effectuates the design of the County Law which, unlike most general laws, is intended to provide rules of local government in instances where a county has not done so by adopting an alternate form of government *(see,* Note of Commission of Uniform County Law, L 1950, ch 691, at 1580, n 2). Thus, where a county has adopted its own form of government, the provisions of that county's duly adopted local laws apply instead of those of the County Law. This is so even

---

* "A resolution to approve these rates was, in fact, submitted to the Suffolk County Legislature following adoption of the original schedules, but was withdrawn before any action was taken."

if the County Law provisions are inconsistent with those of the local law, unless the County Law expressly indicates that its provisions should apply notwithstanding County Law § 2 (b). In the case at bar, County Law § 266 contains no such express indication. The provisions of Local Laws, 1972, No. 1 of Suffolk County authorizing the Commissioner of Public Works to 'establish' a fee schedule may thus be validly interpreted to allow promulgation of such a schedule without the confirmation otherwise required by County Law § 266 (1).

"In view of the foregoing, Special Term properly denied plaintiffs' motion for partial summary judgment on the first cause of action. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur." Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.