ANTHONY COCONATO et al., Doing Business as REHA ASSOCI-ATES II, Respondents, v TOWN OF ESOPUS, Appellant.

Third Department, November 22, 1989

## APPEARANCES OF COUNSEL

*Kellar & Kellar (Couch, White, Brenner, Howard & Feigenbaum [Leslie F. Couch, Lawrence H. Cooke, Norman Kellar* and *Thomas A. Grue* of counsel]), for appellant.

*Riseley, Riseley, Gruner & Salzman (Richard F. Riseley, Jr.,* and *Lawrence E. Ball* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

On June 11, 1986, defendant enacted Local Laws, 1986, No. 3 of the Town of Esopus which required all new customers of the Port Ewen Water District (hereinafter the District) in Ulster County to pay an initial hook-up fee, fixed by subsequent resolution at $1,000 per dwelling unit and $1 per square foot of nonresidential space, and provided that the fees so collected be deposited into a special account, to be used solely for capital developments in the District. Plaintiffs are real estate developers who proposed an extensive "planned unit development" within defendant's borders and were advised approximately one month prior to the granting of final approval that the provisions of defendant's Local Law No. 3 applied to their project, resulting in hook-up fees of $170,000.

Plaintiffs commenced this action seeking a declaration that Local Law No. 3 is illegal and void. Eventually, plaintiffs moved and defendant cross-moved for summary judgment. Supreme Court, *inter alia,* granted plaintiffs' motion for summary judgment and declared Local Law No. 3 to be invalid. Defendant appeals.

■ There should be an affirmance. We begin our analysis by noting that "local governments do not have inherent power to adopt local laws, but may only exercise those powers expressly granted to them by the State Constitution or the Legislature" *(Albany Area Bldrs. Assn. v Town of Guilderland,* 141 AD2d 293, 296, *affd* 74 NY2d 372; *see, 41 Kew Gardens Rd. Assocs. v Tyburski,* 70 NY2d 325, 332; *County Sec. v Seacord,* 278 NY 34, 37). If a local government acts beyond the scope of authority granted to it, its acts will be considered unconstitutional. At the same time, a duly enacted local law is presumed to be constitutional and "[d]efeating this presumption places a heavy burden, at the threshold, on the party challenging the local law" *(41 Kew Gardens Rd. Assocs. v Tyburski, supra,* at 333).

Defendant's initial claim is that authority for the local law is found in Town Law § 198 (3) (a), which, it contends, authorizes imposition of the hook-up fee as a uniform installation service charge. We disagree. Town Law § 198 (3) (a) refers to "that portion of a supply pipe within the bounds of a public highway" and provides for "a uniform service charge for the installation of *such* portion of a supply pipe" (emphasis supplied), but only if the town performs the installation. Here, the plans provided for plaintiffs' installation, construction and retention of ownership of all water supply pipes and roads within the project and that plaintiffs make all connections to District mains, rendering Town Law § 198 (3) (a) inapplicable to the project. We also note the failure of defendant's Town Board to adopt a resolution governing the installation of plaintiffs' supply pipe, as required by Town Law § 198 (3) (a).

■ We also reject defendant's contention that Local Law No. 3 was authorized pursuant to NY Constitution, article IX, § 2 and Municipal Home Rule Law § 10. The means by which revenues are raised and expended for the purpose of acquiring or constructing capital improvements or additional facilities in a town water district is already the subject of considerable regulation. Articles 12 and 12-A of the Town Law establish a comprehensive scheme for financing water district improvements, manifesting the Legislature's intent to preempt the

area of financing capital improvements to town water districts *(see, Albany Area Bldrs. Assn. v Town of Guilderland, supra,* at 299-300). Town Law § 202-b, governing the financing of improvements or additions to water district facilities, provides that any cost or expense incurred in the acquisition of additional facilities or improvements to existing facilities shall be a charge against the entire district and assessed, levied and collected in the same manner as other charges against the particular district. Significantly, there is no authority for a town's adoption or amendment of a local law amending or superseding a State statute relating to a special or improvement district or an improvement area *(see,* Municipal Home Rule Law § 10 [1] [ii] [d] [3]; *cf., Kamhi v Town of Yorktown,* 74 NY2d 423, 432).

■ Additionally, since the expenses of construction and maintenance of the facilities of the District have, since its establishment in 1936, been assessed pursuant to Town Law § 202 (3) on an ad valorem basis, all future assessments must be levied on the same basis *(see,* 1986 Opns St Comp No. 86-10, at 17; 1978 Opns St Comp No. 78-785, at 151; *see also,* 63 NY Jur, Waterworks, § 67, at 565-566 [rev vol]). There is no provision in the Town Law which allows a town to change the basis of assessment following the establishment of a water district (1986 Opns St Comp No. 86-10, at 17; *see,* Municipal Home Rule Law § 10 [1] [ii] [d]). Nor can defendant's hook-up fee be justified as an entrance fee to allow new users to use the water district system. It is well settled, under the power to regulate, that the license fee "cannot be greater than a sum reasonably necessary to cover the costs of issuance, inspection and enforcement" *(Matter of Torsoe Bros. Constr. Corp. v Board of Trustees,* 49 AD2d 461, 465).

■ Defendant's final argument with respect to its authority to charge for providing water facilities is that the State Constitution grants municipal water systems the right to make a "fair return * * * over and above costs of operation and maintenance and necessary and proper reserves" (NY Const, art IX, § 1 [f] [1]). Although Town Law § 198 (3) (d) authorizes a town board to set and raise water rates *(see,* 1986 Opns St Comp No. 86-10, at 17; 1983 Opns St Comp No. 83-116, at 145), a charge for hookup to a town water system is not within its purview.

■ Furthermore, we agree with Supreme Court's conclusion that the use of funds collected for capital reserves would be unlawful and that improvements to the District may not be

financed by a capital reserve fund. The provision of Local Law No. 3 that the initial hook-up fees shall be deposited in a "special account" or fund to be used "solely for capital improvements in the Port Ewen Water District" violates the proscription against a town's establishment of capital reserve funds to finance all or part of the cost of improvements to be constructed, reconstructed or acquired or equipment to be acquired, on behalf of an improvement district within such town (General Municipal Law § 6-c [3] [a]; see, 1977 Opns St Comp No. 77-657, at 135).

■ Finally, even assuming that defendant had sufficient authority to impose the hook-up fees, Local Law No. 3 is unconstitutional as applied in this case since it imposes a uniform fee on all new dwelling units without regard to whether the development has necessitated an expansion of existing facilities or whether plaintiffs will be primarily and proportionately benefited by any such expansion (see, Kamhi v Town of Yorktown, supra, at 435). As such, the fee constitutes a tax, prohibited by the Municipal Home Rule Law and violative of the Federal and State Constitutions (see, Albany Area Bldrs. Assn. v Town of Guilderland, 141 AD2d 293, 298-299, supra; Juleah Co. v Incorporated Vil. of Roslyn, 88 Misc 2d 809, affd 56 AD2d 483, affd 44 NY2d 845; see also, US Const, 14th Amend; NY Const, art I, § 11; Municipal Home Rule Law § 10 [1] [ii] [d] [3]).

KANE, J. P., CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment affirmed, with costs.