OPINION OF THE COURT
Bernard L. Reagan, J.
The court has before it an order to show cause brought on by petitioners/plaintiffs seeking to vacate Resolution No. 482-90 of the Onondaga County Legislature as being ultra vires. Petitioners Home Builders Association of Central New York, *887 Inc. and Heritage Homes also seek to enjoin respondents from imposing and collecting a sewer connection fee. The petitioners also seek a declaration that all sums collected to date and retained by the respondents as sewer collection fees were collected illegally and that judgment in favor of petitioner Heritage Homes be granted in the amount of $300. Petitioners argue that the resolution in question violates the Onondaga County Administrative Code, the General Municipal Law, and is also a prohibited tax. The petitioners seek relief pursuant to causes of action for declaratory judgment and pursuant to CPLR article 78.
The respondents have submitted a cross motion seeking dismissal of the petition/complaint on several grounds.
The various procedural issues raised by respondents in their cross motion have no merit. In regard to the substantive issue of the validity of Resolution No. 482-90, the essence of respondents’ position is that an impact fee for new sewer connections may be charged provided the fee is reasonable and can be substantiated, and provided that it is based only on debt payments since the inception of the consolidated sanitary district. In support of its position the respondents cite 1985 State Comptroller’s Opinions No. 85-61, which in turn relies upon Watergate II Apts. v Buffalo Sewer Auth. (46 NY2d 52) and Matter of Torsoe Bros. Constr. Corp. v Board of Trustees (49 AD2d 461).
The petitioners argue that the 1985 State Comptroller’s Opinion does not express the current law accurately in light of recent court decisions; in support of this position petitioners cite Albany Area Bldrs. Assn. v Town of Guilderland (74 NY2d 372) and Coconato v Town of Esopus (152 AD2d 39, lv denied 76 NY2d 701). Petitioners contend that the latter two cases are the controlling authorities in the present proceeding.
Petitioners seek to distinguish Watergate II Apts. v Buffalo Sewer Auth. (supra) from the present case, arguing that while the sewer rent in Watergate was reasonably related to services rendered, the fee in this case is fixed and not related in any manner to services rendered. Petitioners also argue that the sewer rent in Watergate was charged on all properties within the district, while the Onondaga County sewer connection fee is charged only against new development. Therefore, petitioners conclude, the sewer connection fee herein bears no rational underpinning for the charges assessed.
In Albany Area Bldrs. Assn. v Town of Guilderland (supra), *888 the Court of Appeals dealt with the authority of a town to enact a transportation impact fee law. The Court of Appeals found that the State Legislature had enacted a comprehensive and detailed regulatory scheme in the field of highway funding, preempting local legislation on that subject (Albany Area Bldrs. Assn. v Town of Guilderland, supra, at 377). The Court of Appeals held that the town’s impact fee was therefore preempted by State law. The Court of Appeals set forth that where the State has preempted the field a local law regulating the same subject matter is deemed inconsistent with the State’s interest even if the terms of the local law do not actually conflict with a State-wide statute. The State Legislature need not express its intent to preempt; such intent may be implied from the nature of the subject matter being regulated and the purpose and scope of the State legislative scheme. The Court of Appeals further stated that a comprehensive, detailed statutory scheme may evidence an intent to preempt (Albany Area Bldrs. Assn. v Town of Guilderland, supra, at 377).
In addition, the Court of Appeals explicitly stated in the Guilderland case (supra, at 379) that because the impact fee then being considered was preempted by State law it was not necessary for the court to reach the "controversial question propounded by the parties and amici — whether local 'impact fees’ are permitted by statute, a question that has been the subject of considerable comment and litigation in other jurisdictions.”
In the present case, the court notes that article 5-A of the County Law provides a comprehensive scheme for the establishment, administration, operation and improvement of county sewer districts. Pursuant to said statute the financing of such districts may be accomplished in accordance with either of two methods. The method of financing used in Onondaga County has been to impose a system of sewer rents as provided by article 14-F of the General Municipal Law, this being one of the alternative procedures provided for by article 5-A of the County Law (see, Young Men’s Christian Assn. v Rochester Pure Waters Dist., 44 AD2d 219, 221-222). The establishment and imposition of sewer rents as defined in article 14-F of the General Municipal Law is posited in Onondaga County Administrative Code § 11.79 (a).
Section 11.70 of the Onondaga County Administrative Code provides that revenues may be generated for the sewer district by assessments of the various parcels benefited by the sewer *889 system on either a benefit basis or an ad valorem basis; or revenues may be raised as authorized by the Sewer Rent Law.
The sewer connection fee is a one-time charge. Therefore, the sewer connection fee is not a sewer rent, as article 14-F of the General Municipal Law defines sewer rents as a scale of annual charges established and imposed in a sewer district (General Municipal Law § 451), nor is the sewer connection fee a special assessment to be charged annually, respondents admit that it is an impact fee.
The State Legislature in the County Law and General Municipal Law has provided a comprehensive scheme regulating sewer districts, which manifests an attempt to preempt said regulation to local sewer districts (see, Coconato v Town of Esopus, supra). Consequently, there is no authority for the county’s adoption of a local law or resolution establishing an impact fee which would supersede the State regulatory scheme. As such, the sewer connection fee as established by Resolution No. 482-900 is ultra vires.
The court also notes that even assuming the respondents had sufficient authority to impose the connection fee, Resolution No. 482-90 is unconstitutional as applied since it imposes a uniform fee on all property newly connecting to the sewer system of the district without regard to whether the development has necessitated an expansion of existing facilities, or whether the builders who have had such a fee assessed against them, or the new homeowners will be primarily or proportionately benefited by any such expansion. Therefore, the impact fee constitutes a tax, violative of the Federal and State Constitutions (see, Coconato v Town of Esopus, supra, at 44).
In accordance with the above analysis, the court finds Resolution No. 482-90 as being ultra vires, invalid, null and void. Said resolution is annulled, vacated and set aside pursuant to the demands in the petition/complaint herein. Respondents are hereby enjoined and prohibited from imposing and collecting the sewer connection fees set forth in Resolution No. 482-90. All sums collected to date and retained by the respondents pursuant to Resolution No. 482-90 should be returned to those individuals or entities who paid the fee. The court finds it unnecessary to reach any of the other issues raised in the petition/complaint or the cross motion of respondents.