OPINION OF THE COURT
James N. White, J.
Plaintiff has commenced this declaratory judgment action challenging that portion of an ordinance enacted by the defendant on July 10, 1992 which requires an applicant for a *21 street excavation permit to pay a fee of $13 per square foot of excavation occurring within the paved portion of a public right of way, sidewalk or greenbelt portion of the right of way (Amsterdam City Code, ch 141, § 141-3 [b]). At this point, both parties are moving for summary judgment (CPLR 3212).
Under the Municipal Home Rule Law, the defendant has the authority to regulate the management and use of its highways, streets and roads (Municipal Home Rule Law § 10 [1] [ii] [a] [6]). Having such power, defendant also has the power to issue permits and to set fees (Suffolk County Bldrs. Assn. v County of Suffolk, 46 NY2d 613). The fee, however, may not exceed the cost of issuing the permit and of inspecting and regulating the permitted activity (Orange & Rockland Utils. v Town of Clarkstown, 80 AD2d 846). To the extent that such fee is enacted for revenue purposes or to offset the cost of general governmental functions, it is invalid as an unauthorized tax (Matter of Torsoe Bros. Constr. Corp. v Board of Trustees, 49 AD2d 461).
Plaintiff has submitted the affidavit of its regional manager of right of way interests in support of its motion. He states that in his experience a municipal inspector spends no more than 30 minutes inspecting a roadway excavation site. He estimates that a municipality’s cost for such activity should not be more than $75. By contrast, under defendant’s ordinance, an average excavation would cost plaintiff $6,500.
Defendant’s general supervisor of its department of public works maintains that the fee is reasonable because it bears a direct relationship to the cost the City incurs in repairing and/or replacing streets that have deteriorated as the result of plaintiff not having properly restored them after an excavation.
Inasmuch as defendant’s proof and the minutes of the July 9, 1992 meeting of its Common Council show that the purpose for the fee is to raise revenue to offset the cost of a general governmental function (compare, Mobile Sign v Town of Brookhaven, 670 F Supp 68, 74 [ED NY]), the court will grant plaintiff’s motion and declare that the $13 square foot fee imposed under section 141-3 (b) of chapter 141 of the Amsterdam City Code enacted on July 10, 1992 is invalid as it constitutes an unauthorized tax. In light of this disposition, defendant’s cross motion is denied.