*717 OPINION OF THE COURT
John G. Connor, J.
Petitioner seeks a judgment pursuant to CPLR article 78 annulling a resolution of the Greene County Legislature made on March 18, 1998 adopting Local Laws, 1998, No. 2 of Greene County (hereinafter referred to as Local Law No. 2) on the ground that the same is in violation of County Law § 151 (4). Local Law No. 2 increased the term of office for the Chairperson of the Greene County Legislature (hereinafter the Chairperson) from one year to three years. Petitioner contends that County Law § 151 (4) provides for a maximum term of two years for the Chairperson. Petitioner also argues that since Local Law No. 2 changes the term of an elected official, it is subject to a mandatory referendum pursuant to Municipal Home Rule Law §23 (2) (e).
Respondents raise the following objections in point of law: (1) the petition fails to state a cause of action, (2) County Law § 151 (4) does not supersede Local Law No. 2, (3) County Law § 151 (4) is a “special” law and, therefore, does not apply to all counties in the State of New York, (4) Local Law No. 2 is not inconsistent with the New York State Constitution or any “general” law, and (5) judicial review of the internal decisions of the Greene County Legislature contravenes the principle of separation of powers.
The court must first address respondents’ contention that the instant controversy is not within the province of the court. An article 78 proceeding may be brought seeking remedies in the nature of certiorari, mandamus, or prohibition. Certiorari is a proceeding to review a determination made by a public body or officer. Mandamus is a proceeding to compel a public body or officer to act in accordance with the law. Prohibition is a proceeding to enjoin a court, tribunal or officer from exceeding its jurisdiction. Petitioner is asking the court to review a determination of the Greene County Legislature and compel the Greene County Legislature to act in accordance with the law. Although it is not within the purview of this court to settle all of the internal squabbles of the Greene County Legislature, it is the function of this court to determine the applicability, if any, County Law § 151 (4) has to Local Law No. 2.
The specific issue before this court is whether County Law § 151 (4) precludes the passage of Local Law No. 2. County Law § 151 (4) provides in pertinent part: “The term of office of the chairman shall expire at the end of the calendar year in *718 which he is selected, unless the board shall provide by local law for the selection of the chairman in January of each even numbered year, in which event the term of office of the chairman shall be for a term expiring with that of his term of office as supervisor.” Notwithstanding the obvious conflict between County Law § 151 (4) and Local Law No. 2, the County Law expressly provides that local laws shall supersede the County Law “unless a contrary intent is expressly provided in this chapter”. (County Law § 1001 [3]; § 2 Ob].) It is well settled that any conflicts between the provisions of the County Law and any local law or administrative code shall be decided in favor of the local law or administrative code. (See, Matter of Gallagher v Regan, 42 NY2d 230 [1977]; Long Is. Liquid Waste Assn. v Cass, 115 AD2d 710 [2d Dept 1985]; Martin v Eagle Hill Found., 111 AD2d 372 [2d Dept 1985].) Thus, County Law § 151 (4) is a special law and applies only to those counties that have not adopted their own local laws superseding said section. (See, Municipal Home Rule Law § 2 [5], [12]; see also, Matter of Gallagher v Regan, supra, at 235; Long Is. Liquid Waste Assn. v Cass, supra, at 711.)
Petitioner’s argument that Municipal Home Rule Law § 23 (2) (e) requires a referendum is equally without merit. Said statute provides:
“Except as otherwise provided by or under authority of a state statute, a local law shall be subject to mandatory referendum if it * * *
“e. Abolishes an elective office, or changes the method of nominating, electing or removing an elective officer, or changes the term of an elective office, or reduces the salary of an elective officer during his term of office.”
Here Local Law No. 2 does not “change [] the term of an elective office” in that the position of Chairperson is not elected by the public but rather by members of the Legislature. Consequently, Municipal Home Rule Law § 23 (2) (e) does not apply.
Accordingly, petitioner’s CPLR article 78 proceeding is dismissed on the merits.