Steven J. Getman, Esq. Informal Opinion County Attorney No. 2003-5 Seneca County 1 DiPronio Drive P.O. Box 690 Waterloo, New York 13165-0690
Dear Mr. Getman:
You have requested an opinion on four questions stemming from the existence of a water district and two sewer districts in Seneca County. First, you ask whether members of the water and sewer district boards may be paid a flat meeting fee of $50, in lieu of being reimbursed for expenses associated with attending the monthly board meetings. We conclude that they may not.
Second, you ask whether the town supervisor of Romulus, one of the towns within Seneca County, may also perform the functions of district administrator for the county water and sewer districts. We conclude that the positions are compatible, but that the town supervisor may not receive additional compensation for his service as district administrator.
Third, you ask whether the persons retained to perform the duties of district clerk/secretary for the three county districts may be employees of the town of Romulus's water and sewer districts. We conclude that the positions are compatible.
Your final question is what oversight and authority the Seneca County board of supervisors retains over the operation and administration of the water and sewer districts and their boards. We conclude that the board of supervisors retains considerable supervisory power over the districts.
Background
You have indicated that each county water and sewer district board in Seneca County is composed of the supervisors of the towns of Romulus, Ovid, and Varick and the mayors of the villages of Ovid and Lodi. The term of appointment for each member of the board is the lesser of two years or the term for which the county board is elected.
Each board meets monthly and each has established the practice of paying every member a "meeting fee" of $50. This fee is viewed by the boards as being in lieu of reimbursement for meeting expenses.
According to your letter, pursuant to local law, each county water and sewer district board has the powers granted in Article 5-A of the County Law (e.g., the power to acquire interests in real property; to construct or repair facilities in or under the roads for the conveyance of water or sewage; to establish, subject to confirmation by the board of supervisors, rates for the sale of water to or the collection and disposal of sewage from other entities). Furthermore, under local law, each board has the power to appoint and determine the salary of a district administrator. The district administrator serves at the pleasure of the district board. Local law also authorizes each district board to "retain the services of an engineer, attorney, clerk, secretary or others" as the board deems necessary. Each board has determined that it requires the services of a clerk/secretary.
Each district board has decided to contract the duties of district administrator and district clerk/secretary to the town of Romulus at an annual cost of $13,000 for each district.
Under the local laws creating the water and sewer districts, the county treasurer is the custodian of district funds and is responsible for paying the claims against the districts. The town of Romulus, however, performs the day-to-day bookkeeping duties of the districts, pursuant to contract.
We understand from James Gabriel, the attorney for the town of Romulus, that the county water and sewer districts do not at this time require full-time employees to complete the administrative responsibilities of the districts (e.g., billing and bookkeeping). Thus, pursuant to a contract with the town of Romulus, the districts are currently employing two employees of the town's water and sewer districts for these duties, the duties of district clerk/secretary. Thus, the two employees perform the same duties for the water and sewer districts of the county as for the water and sewer districts of the town. The duties of the positions are ministerial.
According to your letter, the local law provides that the fact that the district administrator or the clerk/secretary holds another county position will not by itself result in an incompatibility of offices.
From the information received, we note that the Romulus town supervisor serves on the boards of each of the three districts involved in your request, as well as acts, pursuant to contract, in the capacity of administrator for each of the districts. In a telephone conversation, you confirmed that the Romulus town supervisor is also a member of the Seneca County board of supervisors. See County Law § 150.
The creation and maintenance of certain county improvement districts (water, sewer, drainage, and refuse districts) are authorized by County Law Article 5-A.
Analysis
A. Flat Fee in Lieu of Reimbursement for Expenses
You have asked whether the members of the county water and sewer district boards may be paid a meeting fee of $50 for each meeting in lieu of reimbursement of expenses.
Article 5 of the County Law governs the powers of the board of supervisors. Within Article 5, section 203 relates to expenses incurred in the performance of official duties, by supervisors as well as other county officers and employees. Under section 203(1), the actual and necessary expenses of all officers and employees, other than supervisors, paid from county funds incurred in the performance of their official duties, and the actual and necessary expenses of all supervisors incurred in the performance of powers and duties of the county, shall be a county charge. Whenever the board of supervisors is directed by law to appoint a board to render a service for the county, the board of supervisors may provide for the audit and payment of actual and necessary expenses incurred in the performance of duties by that appointed board. County Law § 203(3). Pursuant to County Law § 203(4), however, no supervisor, officer, or employee shall be allowed or paid any lump sum in lieu of actual and necessary disbursements he incurs. Thus, the board of supervisors may provide for the payment of the water and sewer district boards' members' actual and necessary expenses. See County Law § 203(1), (3). Pursuant to County Law § 203(4), however, the members of the water and sewer district boards may not be paid $50 in lieu of actual expenses incurred for attending the boards' monthly meetings.
This is not, however, the end of our analysis. Under the home rule powers granted by the Constitution (Article IX, § 2(c)(i) and (ii)(1)) and the Municipal Home Rule Law (§ 10(1)(i) and (ii)(a)(1)), a local government is authorized to adopt and amend local laws relating to the compensation of its officers and employees to the extent such laws are not inconsistent with the provisions of the Constitution or any general law and to the extent that the Legislature has not restricted the adoption of such laws.
For the purpose of the home rule provisions, a general law is, in relevant part, a state statute that in terms and in effect applies alike to all counties, or to all counties other than those wholly included within a city. N.Y. Const., Art. IX, § 3(d)(1); Mun. Home Rule Law § 2(5). County Law § 203(4) by its terms applies to all counties. Whether section 203(4) applies in its effect alike to all counties depends on whether a charter county has enacted local legislation that alters the application of section 203(4) to that county. The County Law states that its provisions apply to all counties except
 in so far as they are in conflict with or in limitation of a provision of any alternative form of county government . . . adopted by a county pursuant to section two of article nine of the constitution, or any administrative code, county government law or civil divisions act enacted by the legislature and applicable to such a county . . . or in conflict with any local law . . . adopted by a county under an optional or alternative form of county government, . . . unless a contrary intent is expressly stated in [the County Law].
County Law § 2(b). Thus the County Law provides that, unless the Legislature specifically states otherwise, a provision in the County Law applies to charter counties only in so far as a charter county has not adopted a local provision that differs from the County Law. See LongIsland Liquid Waste Ass'n v. Cass, 115 A.D.2d 710, 711-12 (2d Dep't 1985).
County Law § 203 contains no express statement of contrary Legislative intent. Therefore, County Law § 203 does not by its language prevent the enactment of a local provision by a charter county that creates a rule that differs from the rule in section 203(4). Furthermore, we believe that the County Charter Law permits a charter county to enact a provision relating to the reimbursement of expenses of members of an improvement district board. See Mun. Home Rule Law §33(2) ("A county charter shall set forth the structure of the county government and the manner in which it is to function."); see also Op. Att'y Gen. (Inf.) No. 81-64 (designation of county's official newspaper relates to manner in which county government is to function and thus is within scope of county's charter power). We are not, however, aware of any charter county that has enacted local provisions that create a rule that differs from the rule in County Law § 203(4). We therefore believe that County Law § 203(4) applies alike to all counties both by its terms and in its effect and thus that it is a general law for home rule purposes. We conclude, therefore, that a non-charter county may not enact inconsistent local legislation. See Mun. Home Rule Law §10(1).
If in fact a charter county validly enacts local legislation creating a rule that differs from the rule of County Law § 203(4), rendering section 203(4) a special law for home rule purposes, Seneca County may decide to enact a local law permitting the payment of a lump sum instead of reimbursement for actual expenses. We note that the flat fee set should be reasonable — that is, it should bear a close relationship to the actual costs for those expenses for which reimbursement is appropriate.[1] Sums that exceed a "reasonable" amount may constitute a gift of public funds to private individuals, and violate the constitutional prohibition against such expenditures of public monies. N.Y. Const. Art. VIII, § 1. We further note that to the extent actual costs for reimbursable expenses vary significantly among individual board members, as transportation-related expenses may, the county may be unable to establish a flat fee applicable to all board members.
B. Town Supervisor Serving as Water and Sewer Districts' Administrator
You next ask whether, notwithstanding a local law provision stating that the fact that the district administrator for the water and sewer districts holds another county position shall not in itself result in an incompatibility of offices, a conflict of interest arises if the town supervisor of Romulus also performs the duties of district administrator.
Your inquiry falls within the doctrine of incompatibility of offices — that is, whether one person may serve in two public positions. We initially note that the codes of ethics promulgated by the county and the town pursuant to General Municipal Law § 806 may include provisions that would apply to the situation you describe, and should be consulted.
1. Compatibility
The doctrine of compatibility of offices is implicated when one person holds more than one public position. In the absence of a constitutional or statutory prohibition against dual officeholding, one person may hold two offices simultaneously unless they are incompatible. Two offices are incompatible if one is subordinate to the other or one is inherently inconsistent with the other. See O'Malley v. Macejka, 44 N.Y.2d 530, 535
(1978); People ex rel. Ryan v. Green, 58 N.Y. 295, 304-05 (1874); Matterof Dupras v. County of Clinton, 213 A.D.2d 952, 953 (3d Dep't 1995). Although in other contexts the differences between a public office and a position of employment may be significant, the common law rules regarding dual officeholding apply equally to an office, which generally involves the exercise of sovereign authority and discretion,[2] and a position of employment. See Matter of Dupras v. County of Clinton,213 A.D.2d at 953.
Furthermore, even if the positions are compatible, a specific situation may arise where a conflict of interest is created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable, as opposed to being mere possibilities, the positions are inherently inconsistent. See Op. Att'y Gen. (Inf.) No. 84-26; Op. Att'y Gen. (Inf.) No. 83-54; Op. Att'y Gen. (Inf.) No. 83-2.
We are not aware of any constitutional or statutory prohibitions that would preclude these two offices being held by one person. County Law § 411, which prohibits, in relevant part, an elective county officer from holding any other elective county or town office, does not apply here because the only elective position held is that of town supervisor.See Lane v. Johnson, 283 N.Y. 244 (1940) (county supervisor serving as such by force of his election as town supervisor does not serve in county elective office). Town Law § 20(4), prohibiting a person from holding more than one elective town office, also does not apply.
We believe that the positions of town supervisor and district administrator for county water and sewer districts are compatible. Pursuant to County Law § 150, the supervisors of the cities and towns in each county constitute the county board of supervisors, unless the county has an elected legislative body. See County Law § 150. As you confirmed by phone, the supervisor of the town of Romulus is a member of the Seneca County board of supervisors. Pursuant to County Law Article 5-A, upon the establishment of a county improvement district, such as a water or sewer district, the county board of supervisors is responsible for designating an officer, board, or body as the administrative head or body of the district. County Law § 261. A member of the board of supervisors may be appointed as the administrative head or as a member of the administrative body, provided that he receives no additional salary or compensation for such services.[3] Id.
Given that the supervisors of the cities and towns within a county, by state law, constitute the county board of supervisors, and that a member of the board of supervisors is statutorily permitted to be appointed as the administrative head of a water or sewer district, we believe that the Legislature has determined that the positions of town supervisor of a town within the county in which the district is encompassed and district administrator may be held by a single person.
We note that County Law § 261 prohibits additional compensation for a "member of the board of supervisors or any other county officer or official [who] may be appointed as administrative head or as a member of the administrative body." We believe that this prohibition applies to the town supervisor, although he was not appointed as the administrative head of the water and sewer districts but rather serves as administrator by contract. To decide otherwise would permit counties to evade the statutory prohibition against additional payment to members of their boards of supervisors serving as administrators of improvement districts. See Op. Att'y Gen. (Inf.) No. 93-58 (where county legislator was statutorily permitted to serve on board of regional off-track betting corporation without compensation, county legislator should not be employed by, and thus receive compensation from, corporation). Because from your letter we believe that this may be a concern of the county, we will address the question of whether a municipality may enact legislation inconsistent with County Law § 261, such as a law that would permit a county supervisor appointed as county water and sewer district administrator to receive additional compensation for serving in such position.
2. Local Law Inconsistent with County Law § 261
While a municipality has broad power to enact local laws pursuant to the law of municipal home rule, see N.Y. Const. Art. IX, § 2(c); Mun. Home Rule Law § 10, such power is not unbounded. One limitation is that a municipality may not enact legislation in a field in which the Legislature has evinced an intent to preempt local legislation. See NewYork State Club Ass'n v. City of New York, 69 N.Y.2d 211, 217 (1987);Consolidated Edison Co. v. Town of Red Hook, 60 N.Y.2d 99, 105 (1983). Such a local law is deemed inconsistent with State law even if the provisions of laws do not conflict. Albany Area Builders Ass'n v. Town ofGuilderland, 74 N.Y.2d 372, 377 (1989).
Case law applying these doctrines to County Law Article 5-A (County Law §§ 250 to 279-d) or sections within have come to seemingly contradictory conclusions. Thus, applying the preemption doctrine, the court in Home Builders Ass'n of Central New York v. County of Onondaga,151 Misc.2d 886 (Sup.Ct. 1991), determined that Article 5-A "provides a comprehensive scheme for the establishment, administration, operation and improvement of county sewer districts" that manifested the Legislature's intent to preempt local regulation of sewer districts. Id. at 888, 889;see also Op. State Compt. No. 97-15 (County Law Article 5-A creates comprehensive legislative scheme for county improvement districts and evinces intent that counties may not adopt local laws establishing districts for other types of improvements or services), Op. State Compt. No. 93-13 (same); cf. Coconato v. Town of Esopus, 152 A.D.2d 39 (3d Dep't 1989), lv. denied, 76 N.Y.2d 71 (1990) (Town Law Articles 12 and 12-A establish comprehensive scheme for financing water districts, manifesting Legislature's intent to preempt area of financing capital improvements to water districts).
More recently, however, a federal district court decided in AtlanticStates Legal Foundation v. Onondaga County Department of Drainage andSanitation, 233 F. Supp.2d 335 (N.D.N.Y. 2002), that County Law §268, a section within Article 5-A, did not apply to a county that had adopted a charter and an administrative code with requirements different from those of section 268. See also Long Island Liquid Waste Ass'n v.Cass, 115 A.D.2d 710 (2d Dep't 1985) (charter county's local law authorizing adopting of fee schedule for sewer districts without complying with County Law § 266's requirements for such adoption upheld; preemption issue not discussed). In so deciding, the AtlanticStates court rejected the preemption argument made by one of the municipalities involved and declined to follow Home Builders. Id. at 344. While Atlantic States applied a section of County Law Article 5-A other than § 261, its holding still suggests that Article 5-A is not preemptive of local legislation.
Upon a review of the scope of regulation of improvement districts in County Law Article 5-A, we find the conclusion that this article is preemptive of local law to be persuasive. We thus conclude that a county may not enact local legislation that would permit additional compensation to be paid to the district administrator for the water and sewer districts inconsistent with County Law § 261.
Furthermore, if the town supervisor were to receive compensation for his duties as administrator, then we believe the contract may raise issues under the "conflicts in interests" law, General Municipal Law Article 18. See General Municipal Law §§ 800(3), 801, 804. We recommend that you contact the Comptroller's Office, the department with jurisdiction over this subject matter, if you have concerns in this regard.
C. Compatibility — Town District Employees and County DistrictEmployees
You next ask whether, notwithstanding a local law provision stating that the fact that a person retained to serve as clerk/secretary of the district boards holds another county position shall not in itself result in an incompatibility of offices, a conflict of interest arises if employees of the town of Romulus's water and sewer districts also provide to the county water and sewer districts the services of district clerk/secretary.
Because your inquiry relates to two public positions being held by one person, this inquiry also falls within the doctrine of compatibility of offices — that is, whether employees of a town's water and sewer districts may serve in the same capacity for a county's water and sewer districts. We again are not aware of any constitutional or statutory prohibitions that would preclude these two positions being held by one person. See County Law § 411; Town Law § 20(4). As with the previous question, we encourage you to consult the codes of ethics of the town and the county.
We conclude that town water and sewer district employees may also serve in the same capacity, with the same ministerial duties, for the water and sewer districts for the county in which the town lies. That the town employees are employed by the county districts by contract rather than appointment does not affect our analysis.
This is not a situation where one position is subordinate to the other. The county water and sewer districts have no supervisory or review responsibilities for the town water and sewer districts, nor do the town districts supervise or review the county districts. Furthermore, the responsibilities of these employees serving as clerk/secretary are ministerial; when the two districts interact, the employees' duties do not involve an exercise of discretion that would create the opportunity for divided loyalties.
County water and sewer districts may perform either or both "wholesale" provision of services — that is, the supply of water to or conveyance of sewage from municipalities within the county district — and "retail" services — the supply of water directly to or collection of sewage directly from the inhabitants of the county district. See County Law § 250(1), (2). The activities of the county and town districts would overlap if the county districts provide wholesale services to the town. Generally, we see no inconsistency, however, between the positions described in the event the county provides wholesale services to the town by which the clerk/secretary employees are employed. The employees would be responsible, on behalf of the county district, for billing the town for services, and on behalf of the town, for keeping the records of payment for those services. In neither capacity, however, would the employees have any discretionary power to, for example, determine how much to bill or whether to contest the bill submitted; these decisions would be made by other individuals. See,e.g., County Law § 266 (district administrator, subject to confirmation by county board of supervisors, establishes rate schedules, and prescribes terms and conditions under which service will be provided to consumers, including manner of paying bills for service, penalties for non-payment, discounts, deposits, and other related matters); Town Law § 198 (powers of town board with respect to improvement districts).
We recognize, however, that a dispute over a bill owed the county district by the town district could create an appearance of impropriety (i.e., the clerk/secretary sending the bill on behalf of the county district could also be involved with payment of the bill on behalf of the town district). To remove even an appearance of impropriety if this situation is likely to arise, you and the town of Romulus could consider a mechanism by which the town employee-clerk/secretary can be removed from the process. Other than this possible situation, we see no other inconsistencies or conflicts between the positions. We thus conclude that, with this possible exception, the duties of these positions as they have been represented to us are compatible.
We note that the restriction under County Law § 261, prohibiting additional payment to a member of the board of supervisors or any other county officer or official appointed as a member of the district administrative body, would not prevent payment to the town employees for their work on behalf of the county water and sewer districts. Nor are we aware of another statutory provision that would prohibit additional compensation to the employees for work performed beyond the scope of their original employment by the town. Because the town employees are performing additional duties in their capacity as town employees and pursuant to the town's contract with the county districts, any additional compensation to be paid the town employees should be determined and paid by the town in the form of additional salary. See Town Law § 27
(salaries of employees, set by town board, are in lieu of all fees, charges, or compensation for all services rendered to the town or any district or subdivision thereof).
D. County Board of Supervisors' Oversight of Operation of Districts andDistrict Boards
Your final question is what authority the county board of supervisors retains over the operation and administration of the water and sewer districts and their boards.
An improvement district, such as a water or sewer district, is an administrative unit of the municipality creating it. Tom Sawyer MotorInns, Inc. v. Chemung County Sewer District No. 1, 33 App. Div. 720, 721 (3d Dep't 1969), aff'd 32 N.Y.2d 775 (1973); Village of Brockport v. Countyof Monroe Pure Waters Div., 75 A.D.2d 483, 486-87 (4th Dep't 1980),aff'd 54 N.Y.2d 678 (1981); Op. Att'y Gen. (Inf.) No. 92-3. The powers conferred by statute on an administrative unit of a county government are not powers exercised by districts as if they were separate and independent governmental units; rather, they are subject to the overall control of the county board of supervisors. Tom Sawyer Motor Inns, at 721.
The county board of supervisors retains regulatory control over the water and sewer districts. See, e.g., County Law § 264 ("[t]he board of supervisors shall have power to adopt, amend and repeal, from time to time, rules and regulations for the operation of a county district and the use of water in a water district including regulation of the manner of making connections and the construction of the county system and all facilities and appurtenances"). The county board of supervisors also determines all matters relating to the composition of the administrative head or body of the district, including the tenure and qualifications of the administrative head or body of the district. County Law § 261. Finally, certain of the district administrator's powers are specifically subject to authorization by or approval of the board of supervisors,e.g., entering into contracts (County Law § 265), determining rates to be charged (County Law § 266), and prescribing the manner of provision of services (id.). Therefore, the county board of supervisors retains significant control over the water and sewer districts after their formation.
Conclusion
In conclusion, therefore, we are of the opinion that (1) members of the water and sewer district boards may not be paid a flat fee in lieu of actual expenses incurred in attending board meetings; (2) the positions of town supervisor and district administrator are compatible; (3) the positions of town district employee and county district clerk/secretary as described (with identical, ministerial duties) are compatible; and (4) the county board of supervisors retains considerable control over the water and sewer districts within that county subsequent to the districts' creation.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General in Charge of Opinions
[1] Payments for approximations of expenses, rather than actual expenses, are authorized in some instances. See, e.g., County Law §203(2) (reasonable mileage allowance for miles actually and necessarily traveled on official business authorized), Gen. City Law § 20(33) (same), Town Law § 116(1) (same), Vill. Law § 5-524(7) (same), Gen. Mun. Law § 77-c (per diem allowance for meals while traveling authorized). We note that these payments of approximated expenses are either (1) tied to expenses that are actually incurred (e.g., the amount of reimbursement a person can receive for mileage traveled is based on the actual miles traveled) or (2) capped at an amount outside the control of the board authorizing the lump sum (e.g., the per diem meal allowance permitted under General Municipal Law §77-c "in no event shall . . . exceed the standard meal allowance for business-related travel adopted or prescribed for federal income tax purposes").
[2] See, e.g., Haller v. Carlson, 42 A.D.2d 829, 829 (4th Dep't 1973) (distinguishing public officer and public employee for purposes of Public Officers Law); Op. Att'y Gen. No. 97-F7 (same).
[3] Generally, absent statutory authorization, a board appointing one of its members to another position violates public policy. See Op. Att'y Gen. (Inf.) No. 83-9 (citing Wood v. Town of Whitehall, 120 Misc. 124
(Sup.Ct. 1923), aff'd 206 App. Div. 786 (3d Dep't 1923)).